C. T. Atkinson, for appellees.

[Cited, *Louisville &c. R. Co. v. Rountree,* 4 Ky. L. 447.]

---

## OLIVIA PHILLIPS *v.* PHILLIPS & BROTHER.

[Abstract Kentucky Law Reporter, Vol. 2—217.]

**Setting Aside Judgment.**

Where the court rendered a final judgment at the August term, 1877, it had no power at the January term, 1878, to set it aside, and an order then made purporting to set it aside is void.

### APPEAL FROM MARION CIRCUIT COURT.

February 5, 1881.

OPINION BY JUDGE COFER:

Mrs. Phillips owned a life estate in the house and grounds embraced in the mortgage, and as she and her husband united in the mortgage the mortgagees acquired a lien on her interest. Her husband had no estate in the land, and consequently his children inherited nothing from him. They have an interest contingent upon surviving their mother, but that interest was not affected by the mortgage and will not be affected by the judgment or sale. Consequently they were not necessary parties, and Mrs. Phillips being already before the court, the judgment rendered at the August term, 1877, was final, and the court had no power at the January term, 1878, to set it aside.

The order purporting to set it aside was therefore void, as also the subsequent judgment to sell the property. This latter is the judgment appealed from, and being void, and no motion having been made in the court below to set it aside, no appeal lies. Buckner and Bullitt's Civ. Code (1876) § 763, *Bullitt v. Commonwealth,* 14 Bush (Ky.) 74.

The court had jurisdiction, however, to set aside the sale under the judgment of August, 1877, and nothing seems now to remain but to execute that judgment.

Wherefore the appeal is *dismissed.*

*J. R. Thomas, for appellant.*

*Russell & Avritt, for appellees.*